**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WHITNEY NATIONAL BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-366 |
| | § | |
| ANTHONY DELFRE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Whitney National Bank, sued Anthony Delfre and Joseph Lambardo to collect an unpaid promissory note.  Whitney National alleges in its complaint that Delfre executed the promissory note dated July 20, 2007 in the original principal amount of $84,436.82.  Whitney National alleges that the note is in default and seeks to recover $87,149.13, the principal plus accrued interest, as well as fees and costs.  Lombardo is sued as a guarantor.

**I.    The Motion to Dismiss**

Delfre moved to dismiss or for a more definite statement.  (Docket Entry No. 10).  Whitney Bank filed a response (Docket Entry No. 13).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted."  FED. R. CIV. P. 12(b)(6).  The Supreme Court recently clarified the standards that apply in a motion to dismiss for failure to state a claim.  In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007), the Court confirmed that Rule 12(b)(6) must be

read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964–65); *Sonnier*, 509 F.3d at 675 (quoting *Twombly*, 127 S.Ct. at 1965). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.

When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are

2

unwilling or unable to amend in a manner that will avoid dismissal.").  However, a plaintiff should be denied leave to amend a complaint if the court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted); *see also Great Plains Trust Co.*, 313 F.3d at 329; *Jacquez v. R.K. Procunier*, 801 F.2d 789, 792 (5th Cir. 1996).

The complaint and the cross-claim meet the tests to withstand dismissal under Rule 12(b)(6).  The complaint alleges that the promissory note is unpaid and owing.  The cross-claim gives Delfre notice of the basis for asserting a right to indemnity.  The complaint and cross-claim give Delfre fair notice of the claims and the grounds on which they rest and shows the basis for the claims to relief.

Delfre also seeks relief as to the complaint under Rule 12(e).  "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  FED. R. CIV. P. 12(e).  However, "the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small – the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed."  5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (2d ed. 1990).  A motion for more definite statement is used to provide a remedy for an unintelligible pleading rather than a correction for lack of detail.  *See*

*Davenport v. Rodriguez,* 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001).  The complaint in this case is not vague or ambiguous.  It clearly states the basis on which relief is sought.

Delfre's motion to dismiss or for a more definite statement as to the claims made by Whitney Bank is denied.

## II.    The Motion for Summary Judgment

Whitney Bank moved for summary judgment on April 15, 2008.  Delfre has neither responded nor sought an extension.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).  "'An issue is material if its resolution could affect the outcome of the action.'" *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005) (quoting *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003)).  "If the moving party fails to meet its initial

4

burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Quorum Health Res., L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. "[T]he nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citation omitted). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by 'only a 'scintilla' of evidence.'" *Little*, 37 F.3d at 1075 (internal citations omitted).

In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party.  *Anderson*, 477 U.S. at 255 (citation omitted).  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment evidence shows that Delfre executed the promissory note dated July 20, 2007, in the original principal amount of $84,436.82.  The note matured on October 20, 2007.  As of February 1, 2008, $87,149.13 was owed on the note, plus interest,

attorneys' fees, and other costs.  Joseph A. Lombardo personally guaranteed the repayment of the note and is jointly and severally liable with Delfre for the amounts owed on the note.

The note allows the recovery of reasonable attorneys' fee expended in collection if the borrower does not pay.  Whitney has submitted competent summary judgment evidence of the hourly rate ($195) of the lawyer who worked on this matter.  (Docket Entry No. 12, Ex. B).  This rate is reasonable for a lawyer with the experience of counsel for Whitney Bank in Harris County, Texas, performing such work.  In an affidavit, this lawyer states that the total fees and costs expected to be incurred through the filing of the summary judgment motion are $3,000.  Because this circuit uses a lodestar approach, counsel must submit evidence of the hours expended to permit this court to determine whether the fees sought are reasonable.  Counsel may do so no later than July 13, 2008.

SIGNED on June 2, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

6