# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| WHITNEY NATIONAL BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:08-0366 |
| | § | |
| ANTHONY DELFRE, | § | |
| JOSEPH LOMBARDO AND | § | |
| PRIM CAPITAL, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On June 2, 2008, this court entered summary judgment for Whitney National Bank in this suit to collect unpaid amounts owing under a promissory note and guaranty. Whitney National Bank sued the borrower, Anthony Delfre, and the guarantor, Joseph Lombardo. (Docket Entry No. 20). Delfre cross-claimed against Lombardo and PRIM Capital Corp., asserting that PRIM had orally contracted with Delfre to repay the debt, and that Lombardo had orally guaranteed PRIM's promise. (Docket Entry No. 15). Lombardo answered. (Docket Entry No. 16). PRIM was properly served, did not answer timely, and later sought leave to file a late answer, claiming inadvertence. (Docket Entry No. 23).

Whitney National Bank has moved for entry of judgment against Delfre and Lombardo and for dismissal of the cross-claim for lack of jurisdiction. Whitney National Bank asserts that because Delfre, Lombardo, and PRIM are all Ohio citizens and the cross-claim arises under state law, the cross-claim is appropriately dismissed once judgment is

entered on Whitney National Bank's claim. (Docket Entry No. 22). The defendants have not responded.

Under 28 U.S.C. section 1367(c)(3), when the court has dismissed all of the claims over which it has original jurisdiction and only state-law claims between nondiverse parties remain, a district court has discretion to dismiss the state-law claims without prejudice to permit them to proceed in state court. The statute provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Once the claims over which a federal court has jurisdiction are dismissed, the court must decide whether to proceed with the claims over which it has supplemental jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715 726 (1966); *see also Premiere Network Servs., Inc. v. SBC Commc'ns, Inc.*, 440 F.3d 683, 692 (5th Cir. 2006). "Under *Gibbs*, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The "general rule" is to dismiss claims over which the court has supplemental jurisdiction if the claims over which it has original

jurisdiction are dismissed before trial. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 256 (5th Cir. 1992); *see also Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1988).

This rule applies where there is no diversity of citizenship between the parties to the remaining claims. *See Premiere*, 440 F.3d at 692 ("With the federal claims dismissed and no diversity of citizenship apparent, the district court was well within its discretion to decline supplemental jurisdiction over [the] remaining issues."); *Brackens v. Brackens*, No. 5:05-cv-01079, 2006 WL 1793659, at *7 (W.D. La. June 28, 2006), *aff'd* 226 Fed. Appx. 331 (5th Cir. 2007) ("Plaintiff's remaining claims are dismissed without prejudice, as the Court declines to exercise supplemental jurisdiction over those claims and diversity of citizenship subject matter jurisdiction does not exist over those claims."); *Nat'l Westminster Bank, Plc v. Grant Prideco, Inc.*, 343 F. Supp. 2d 256, 258 (S.D.N.Y. 2004) (Kaplan, J.) (declining to exercise supplemental jurisdiction over cross-claims between nondiverse parties after dismissing diverse plaintiff).

This case was filed only nine months ago. The parties have not conducted discovery on the cross-claim. This court has granted summary judgment on the claim over which federal jurisdiction is based but has not considered any issue relating to the cross-claim. The interests of comity and judicial efficiency all weigh in favor of dismissing the cross-claim once final judgment is entered on Whitney National Bank's claim against Delfre and Lombardo.

Whitney National Bank's claim against Delfre and Lombardo is dismissed, with prejudice. The cross-claim is dismissed, without prejudice to its pursuit in state court.

An order of dismissal is separately entered.

      SIGNED on October 22, 2008, at Houston, Texas.

                                                                Lee H. Rosenthal
                                             United States District Judge